UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v. CASE NO. 3:09-CV-00601-J-20JBT

NAOMI E. KELLEY,

Defendant.
_______________________________/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default Judgment (Doc. 11) ("Motion"), which was referred to the undersigned for a report and recommendation on November 15, 2010. On December 3, 2010, the Court took the Motion under advisement and directed Plaintiff to show cause why the case should not be dismissed without prejudice for Plaintiff's failure to comply with Local Rule 1.07(b). (Doc. 12.) Plaintiff filed a timely Response (Doc. 13) to the Court's Order and the matter is now ripe for judicial review.[2]

As stated in the Court's December 3, 2010 Order, Plaintiff filed its Complaint on July 2, 2009. (Doc. 1.) Defendant was served with a copy of the Complaint and summons on July 3, 2009. (Docs. 5 & 6.) On September 11, 2009, Plaintiff filed an Application and Declaration for Entry of Defendant's Default ("Application"). (Doc. 7.) On September 14, 2009, the Clerk of Court entered a Default against Defendant pursuant to Rule 55(a) of the

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] Although Defendant has not responded to the Motion, it is unnecessary for the Court to await such a response under the circumstances of this case.

Federal Rules of Civil Procedure. (Doc. 9.) It was not until November 12, 2010 that Plaintiff filed the present Motion. (Doc. 11.)

Under the Local Rules:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed.R.Civ.P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed.R.Civ.P., and shall then proceed without delay to apply for a judgment pursuant to Rule 55(b), Fed.R.Civ.P., failing which the case shall be subject to dismissal sixty (60) days after such service without notice and without prejudice; provided, however, such time may be extended by order of the Court on reasonable application with good cause shown.

M.D. Fla. R. 1.07(b). "Thus, a party must apply for an entry of default and a default judgment within sixty (60) days after the service of process." *Petillo v. World Sav. Bank, FSB*, 2009 WL 3790194, at *2 (M.D. Fla. Nov. 10, 2009). "Such time may be extended by order of the Court on reasonable application with good cause shown," *id.*, and excusable neglect if the deadline has passed, Fed. R. Civ. P. 6(b)(1)(B).

Here, both the Application and the Motion were filed more than sixty days after the date of service of process. The Motion was filed well over a year after the sixty-day deadline had passed. Further, neither the Application nor the Motion demonstrate good cause and excusable neglect for the late filings.

Plaintiff's Response also does not show good cause and excusable neglect for the late filings. Plaintiff's Response provides that the failure was "due to an erroneous calendaring issue." (Doc. 13.) Even assuming this showing might excuse the short delay in filing the Application, it does not excuse the over sixteen-month delay in filing the Motion. Therefore, the undersigned will recommend that Plaintiff's Motion be denied and the case dismissed without prejudice for Plaintiff's failure to comply with Local Rule 1.07(b).

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Motion for Entry of Default Judgment (**Doc. 11**) be **DENIED**.

2. This action be **DISMISSED without prejudice** for Plaintiff's failure to comply with Local Rule 1.07(b).

3. The Clerk of Court be **DIRECTED** to close the case.

**DONE AND ENTERED** at Jacksonville, Florida, on December 9, 2010.

Joel B. Toomey

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Harvey E. Schlesinger
Senior United States District Judge

Counsel of Record

Naomi E. Kelley
1828 Tanglewood Road
Jacksonville, FL 32250